NO. 07-05-0451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 10, 2007
_____

RICKY CRAWFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407,822; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Ricky Crawford, was convicted of failing to stop and render aid. He complains of the conviction by contending that 1) the trial court erred in overruling his objection to the State's comment on the exercise of his right to remain silent, 2) the evidence was legally and factually insufficient to sustain the conviction, and 3) the trial court erred in refusing to give an accomplice witness instruction to the jury. We affirm the judgment.

### Background

On November 15, 2004, appellant and LaQuiency Freeman were in an automobile that struck a bicycle and resulted in the death of Sheila Austin. Although the car fled the scene, Freeman later offered information to the police with respect to the accident. The information led to the arrest of appellant as the driver of the vehicle at the time of the collision.

### Issue 1 - Comment on Right to Silence

Appellant initially asserts that the State, during closing argument, commented on his right to remain silent. The comments occurred during an exchange with a police investigator about the accident. During it, appellant denied being involved but then told the officer that "[i]f you turn off the tape [recorder] I'll tell you about the accident." This statement constituted an invocation of appellant's right to remain silent, according to appellant. And, in referring to it while closing, the State allegedly commented on his right to remain silent. We overrule the issue.

To invoke the right in question, one must clearly manifest his desire to remain silent. *Dowthitt v. State,* 931 S.W.2d 244, 257 (Tex. Crim. App. 1996). Anything less than a clear manifestation does not obligate the officer to stop the interrogation. *Id.; Mayes v. State,* 8 S.W.3d 354, 358-59 (Tex. App.–Amarillo 1999, no pet.). Here, the words used by appellant did not reveal a desire to remain silent. On the contrary, in saying ". . . I'll tell you about the accident," appellant evinced an unmistakable interest in speaking, though not

on tape. So, since appellant opted to speak, it cannot be said that the prosecutor improperly commented on the right in question.

Appellant also criticizes the prosecutor's 1) statement that appellant ". . . doesn't come forward and say anything" on the tape and he "has lack of concern," and 2) reference to appellant's "silence on the tape . . . ." Yet, during the interrogation giving rise to the tape, appellant had been advised of his right to remain silent and had waived it. Again, having chosen to speak, appellant relieved the State from remaining silent about appellant's right against self-incrimination. *Garcia v. State,* 126 S.W.3d 921, 924 (Tex. Crim. App. 2004) (stating that appellant's complaint about his right to remain silent "'during the time his statement was made'" was "nonsensical" since he waived that right when he agreed to make the statement).

### *Issue 2 - Sufficiency of the Evidence*

Next, appellant challenged the sufficiency of the evidence to sustain his conviction. We overrule the issue.

The applicable standards of review appear in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Appearing of record is the testimony of Freeman expressly identifying appellant as the driver of the vehicle when it struck the bicyclist. Also contradicting appellant's claim of innocence was the evidence that 1) he borrowed the vehicle involved in the accident from his girlfriend on the night of the accident, 2) he drove it from and to the location at which he borrowed it, 3) he returned it with a smashed windshield, dents, and the outside mirror

3

dangling, 4) a wiper blade found at the scene matched a blade missing from the vehicle he borrowed, 5) appellant told his girlfriend he was the driver, 6) appellant misrepresented to his girlfriend that a brick hit the vehicle, 7) appellant apologized for the damage to the vehicle, 8) appellant "took a rag to the car," 9) paint chips recovered from the license plate of the vehicle were similar in layer sequence, color, and type of paint to paint found on the bicycle, and 10) the victim's injuries were consistent with being thrown up over the windshield of a vehicle. This evidence is sufficient to permit a rational trier of fact to find beyond a reasonable doubt that appellant was the operator of a vehicle involved in an accident resulting in injury or death to Sheila Austin and that he failed to stop and render aid. TEX. TRANSP. CODE ANN. §§550.021 and 550.023 (Vernon 1999) (defining the offense).

As for appellant's attempt to discredit Freeman and the other witnesses, discredit the investigation of the police, and shift blame, we note the evidence that people in the general area had seen two other vehicles leave the area around the time of the accident, that Freeman had been left alone in the vehicle at one point while appellant went into a house to buy drugs, and that Negroid hairs inconsistent with those of the victim were found on the windshield (appellant was white and Freeman was black). Yet, this information was far from overwhelmingly unfavorable to the jury's verdict. Neither did it create more than surmise that someone else, such as Freeman, drove the vehicle. Nor was the evidence of appellant's guilt weak; rather, ample existed if the jurors opted to believe it. And, after all, it was for the jurors, as opposed to this court, to resolve doubts in testimony and select who to believe. *Margraves v. State,* 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating

4

that the jurors have the obligation to resolve credibility disputes). Consequently, the verdict has the support of both legally and factually sufficient evidence.

### Issue 3 - Accomplice Witness Instruction

Via his third and last issue, appellant claims that the trial court should have given the jury an accomplice witness instruction. In other words, he posits that because Freeman was an accomplice to the crime, the trial court was obligated to inform the jury that they could not convict him on Freeman's testimony alone without corroborating evidence. We overrule the issue.

Irrespective of whether Freeman was an accomplice, there appeared of record evidence corroborating appellant's guilt. It consisted of appellant's borrowing and returning the car, telling the car owner that he was driving it, apologizing for the damage, taking "a rag to" it after returning, and evincing a consciousness of guilt by attempting to deceive the owner about how the damage occurred.

Corroborating evidence need only connect the accused to the offense, not establish guilt beyond reasonable doubt. *McDuff v. State,* 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). What we note in the previous paragraph does just that, link appellant to the offense. Thus, even if the jury should have been instructed on the need for corroboration, the failure to do so was harmless given abundant evidence of corroboration.

The judgment of the trial court is affirmed.


                                                    Brian Quinn
                                                    Chief Justice

Do not publish.

5